

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2005

# USA v. De La Cruz

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2780

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. De La Cruz" (2005). *2005 Decisions.* Paper 1066.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1066

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-2780

———————

UNITED STATES OF AMERICA

v.

NICOLAS DE LA CRUZ,
a/k/a FELIX BERNABE

Nicolas De La Cruz,
Appellant

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(District Court Criminal No.: 02-cr-00801-16)
District Court Judge: Hon. Harvey Bartle, III

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 29, 2005

Before: ALITO, SMITH, and ROSENN, <u>Circuit Judges.</u>

(Filed: June 6, 2005)

———————

OPINION OF THE COURT

———————

:

This is an appeal by defendant Nicolas De La Cruz from a conviction for participating in a conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846 and aiding and abetting the possession with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1). De La Cruz pled guilty to the charges pursuant to a bargained-for plea agreement. Counsel for De La Cruz has filed a brief under Anders v. California, 386 U.S. 738 (1967), stating that, after careful review of the record, he cannot raise any meritorious issues and that the appeal is wholly frivolous. We are satisfied that counsel has fulfilled his Anders obligations, and we agree that the appeal is frivolous. We therefore grant counsel's motion to withdraw and dismiss the appeal.

De La Cruz is precluded from bringing an appeal pursuant to a waiver contained in his plea agreement. "Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001). The sentencing court reviewed this provision with De La Cruz extensively, answering questions posed by the defendant regarding the effect of the waiver. De La Cruz contends in his pro se brief that his waiver of appeal did not satisfy the requirements of Khattak because he only agreed to the plea bargain on the condition that his counsel would file a motion pursuant to U.S.S.G. § 3B1.2, seeking a four-point reduction based on his minor role in the conspiracy. Although counsel did not file this

2

motion, counsel did present evidence of De La Cruz's minor role to the sentencing judge, and De La Cruz's sentence of 84 months was below the lower limit of the sentencing range that would have applied had he received a further downward departure, and was also below the 10 year mandatory minimum, a reduction made possible by the government's decision to file a motion under U.S.S.G. § 5K.1. This discrepancy does not present a non-frivolous issue as to the voluntariness of the waiver of appeal because De La Cruz was informed during the Rule 11 colloquy that he could only be sentenced below the mandatory minimum if the government filed a § 5K.1 motion and that he could appeal his sentence only if he was sentenced above the statutory maximum or if the sentencing judge erroneously departed upward from the otherwise applicable guidelines. Because De La Cruz was sentenced below the statutory minimum, neither of the conditions described by the plea agreement providing a right to appeal is satisfied, and the appeal must be considered wholly frivolous.[1]

For the foregoing reasons, we will affirm the judgment of conviction and sentence. Defense counsel's motion to withdraw is granted.

---

[1] This holding does not prejudice any ineffective assistance of counsel claim arising out of the negotiation of the waiver provision that De La Cruz may raise in a subsequent habeas petition. See United States v. Thornton, 327 F.3d 268 (3d Cir. 2003).